IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CASE NO. 1:15-CR-117 |
| Plaintiff, | ) JUDGE BENITA Y. PEARSON |
| v. | ) |
| IZAK ZIRK DE MAISON,<br>aka IZAK ZIRK ENGELBRECHT,<br>aka ZIRK ENGELBRECHT, | ) |
| | ) **AGREEMENT AND SECOND FINAL** |
| Defendant. | ) **ORDER OF FORFEITURE** |

On April 22, 2016, a First Final Order of Forfeiture (Dkt. No. 59) was entered in this case. Following the entry of that Order, the forfeiture aspect of this case remained pending as to the following property only: diamond ring containing one center diamond 10.67 carats. *Id.* Ronald S. Loshin is a third party petitioner to the subject diamond ring. By this Agreement and Second Final Order of Forfeiture, the United States and Ronald S. Loshin have reached a settlement of his claim. As set forth below, the United States has agreed to accept, in lieu of the forfeiture of the subject diamond ring, the sum of $40,000.00, which was delivered to government counsel by Ronald S. Loshin on May 27, 2016. Upon the entry of this Agreement and Second Final Order of Forfeiture, the subject diamond ring shall be turned over by the Federal Bureau of Investigation (FBI) to Ronald S. Loshin/the designee of Ronald S. Loshin.

Particularly, it appears to the Court that proper proceedings for the issuance of this Order have been had in this case as follows:

## BACKGROUND

1. By the Preliminary Order of Forfeiture (Dkt. No. 55), filed on January 27, 2016, the following property was forfeited to the United States under 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) for disposition in accordance with law, subject to the provisions of 21 U.S.C. § 853(n) [as incorporated by 28 U.S.C. § 2461(c)]:

- Diamond ring containing one center diamond 10.67 carats.[1]

2. Following the entry of a preliminary order of forfeiture, the United States is required to "publish notice of the order and of its intent to dispose of the property in such manner as the Attorney General may direct." *See*, 21 U.S.C. § 853(n)(1). Additionally, "[t]he Government may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is the subject of the [preliminary] order of forfeiture". *Id.*

3. In accordance with 21 U.S.C. § 853(n)(1) and Rule 32.2(b)(6)(C) of the Federal Rules of Criminal Procedure, notice of the Preliminary Order of Forfeiture (Dkt. No. 55) was posted on an official government internet site for at least 30 consecutive days, beginning on February 3, 2016 and ending on March 3, 2016.

---

[1] Counsel for the United States has represented to this Court that the FBI obtained an appraisal for this diamond ring on April 26, 2016, which valued the property as follows: "We [estimate] . . . the cash value of the ring between 70 and 90 thousand dollars. The wholesale value at $100,000 and the retail value at $200,000."

Additionally, in the Preliminary Order of Forfeiture (Dkt. No. 55), the following properties also were initially forfeited under 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c): 30 jewelry items having a collective value of approximately $61,890.00. These items were finally forfeited to the United States by the First Final Order of Forfeiture (Dkt. No. 59), dated April 22, 2016.

Finally, the First Final Order of Forfeiture (Dkt. No. 59) also directed that three (3) jewelry items (valued at $425.00, $250.00 and $125.00) "shall be turned over by the FBI to Denise de Maison / xxxxxxxxxx de Maison through attorney Jeffrey B. Coopersmith".

4. No third party claims to the subject diamond ring were made as a result of the internet notification. (Docket)

5. As set forth above, Ronald S. Loshin is a potential third party claimant to the subject diamond ring. Accordingly, on February 3, 2016, a Notice of Forfeiture and a copy of the Preliminary Order of Forfeiture were mailed, by certified mail, to the attorney for Ronald S. Loshin. (Dkt. No. 56: Notice of Forfeiture.) Pursuant to 21 U.S.C. § 853(n), the Notice of Forfeiture set forth the procedures for contesting the forfeiture in an ancillary proceeding.

6. On June 1, 2016, Ronald S. Loshin filed a petition claiming an interest in the subject diamond ring. (Dkt. No. 61: Petition in Opposition to Order of Forfeiture.)

## AGREEMENT

7. The United States and Ronald S. Loshin have reached the following settlement of his claim to the subject diamond ring:

8. Ronald S. Loshin agrees to pay, and the United States agrees to accept, the sum of $40,000.00 in lieu of the forfeiture of the subject diamond ring. In this regard, Ronald S. Loshin delivered a cashier's check in the amount of $40,000.00 (made payable to the "United States Marshals Service") to government counsel on May 27, 2016. This $40,000.00 shall be forfeited to the United States in lieu of the subject diamond ring, and shall be treated in the same manner as the proceeds of sale of a forfeited item and shall be disposed of according to law. *See*, 19 U.S.C. Sections 1613(c) and 1614, as incorporated by 21 U.S.C. Sections 853(j) and 881(d).

9. Upon the entry of this Agreement and Second Final Order of Forfeiture, the United States agrees that the subject diamond ring shall be turned over by the FBI to Ronald S. Loshin/the designee of Ronald S. Loshin. At that time, the United States agrees that it will not

seek any further forfeiture with respect to the subject diamond ring based upon the criminal activity charged in the Information filed in this case.

10. Ronald S. Loshin waives any and all claims, arising out of the forfeiture proceedings against the subject diamond ring, that he has or may have against the United States of America; departments, agencies, agents, and employees of the United States of America; and, all state and local law enforcement departments, agents, and officers involved in this action, including claims for alleged violations of constitutional rights.

_____  
Ronald S. Loshin

_____  
Keith Berglund (State Bar No. 207649)  
Attorney for Ronald S. Loshin  
The Berglund Group  
149 S. Barrington Avenue, Suite 181  
Los Angeles, California 90049  
310.567.6070, Fax: 310.564.0327  
keith@berglundgroup.com

Carole S. Rendon  
Acting United States Attorney, N.D. Ohio

By: _____  
James L. Morford (Ohio: 0005657)  
Assistant United States Attorney, N.D. Ohio  
400 United States Court House  
801 West Superior Avenue  
Cleveland, Ohio 44113  
216.622.3743  
Fax: 216.522.7499  
James.Morford@usdoj.gov

ACCORDINGLY, it is ORDERED, ADJUDGED, and DECREED:

11. Based upon the foregoing, and in accordance with 21 U.S.C. § 853(n)(7), the parties hereto are entitled to the entry of this final order.[2]

---

[2] In this regard, it is noted that defendant Zirk de Maison has agreed to the forfeiture of the above-described jewelry under 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) and, further, has consented, pursuant to Rule 32.2(b)(4)(A) of the Federal Rules of Criminal Procedure, that the forfeiture would become final as to him upon the Court's entry of the Preliminary Order of Forfeiture. See, Dkt. No. 55: Preliminary Order of Forfeiture, at pp. 2-3, paras. 3(a), 3(b), and 3(d).

4

12. The following property is finally forfeited to the United States under 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), and no right, title, or interest shall exist in any other party: Cashier's check in the amount of $40,000.00 (made payable to the "United States Marshals Service") delivered to government counsel by Ronald S. Loshin on May 27, 2016.

13. As set forth in paragraph 8, above, this $40,000.00 shall be forfeited to the United States in lieu of the subject diamond ring, and shall be treated in the same manner as the proceeds of sale of a forfeited item and shall be disposed of according to law. *See*, 19 U.S.C. Sections 1613(c) and 1614, as incorporated by 21 U.S.C. Sections 853(j) and 881(d).

14. Upon the entry of this Agreement and Second Final Order of Forfeiture, the subject diamond ring shall be turned over by the FBI to Ronald S. Loshin/the designee of Ronald S. Loshin. At that time, the United States shall not seek any further forfeiture with respect to the subject diamond ring based upon the criminal activity charged in the Information filed in this case.

15. The United States Attorney's Office, Northern District of Ohio (USAO), has acknowledged its intent to seek authorization from the U.S. Department of Justice, Criminal Division, to disburse the forfeited property – through the restoration/petition for remission process – to the victim(s) of defendant Zirk de Maison's criminal activity.

16. The parties to this matter are to bear their own costs and attorney's fees.

**SO ORDERED** this __21st__ day of June, 2016.

                                                      /s/ *Benita Y. Pearson*
                                                      Benita Y. Pearson,
                                                      United States District Judge, N.D. Ohio